IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KYLE F. WILLIS,

        Plaintiff,

v.                            No. 06 C 4637

HILTON HOTELS CORPORATION,
KSL GRAND WAILEA RESORT, INC.,
KSL GRAND WAILEA MANAGEMENT CO.,
and KSL GRAND WAILEA HOSPITALITY
CORPORATION, individually and
d/b/a Grand Wailea Resort
Hotel & Spa,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiff Kyle Willis alleges that, in March 2006, he was vacationing at the Grand Wailea Resort Hotel & Spa (the "Resort") in Hawaii. At that time, Willis apparently was a high school senior living in Illinois.[1] At 12:15 a.m, Willis and three female friends, apparently also high school students from Illinois, were on the grounds of the Resort near the beach. A security guard for the Resort allegedly warned them about a group of males on the beach. Willis and his friends walked in the

---

[1]It is presently represented that plaintiff is a college student and that he was at least 18 years old when this lawsuit was filed in state court in July 2006.

other direction, but some of the males followed and physically attacked Willis. The security guard allegedly watched the attack, but did not intervene nor call for additional guards. The parties agree that the assailants have never been arrested or identified. Plaintiff brings a tort claim against entities related to the Resort. Defendants contend, and plaintiff does not dispute, that Hawaii law would apply to his tort claims.

Plaintiff initially filed suit in the Circuit Court of Cook County, Illinois, naming various entities allegedly related to the Resort. The defendants that were served removed the case to this court based on diversity of citizenship.[2] Presently, plaintiff is only pursuing his case against two of the named entities. All other defendants will be dismissed without prejudice. The two remaining defendants are Hilton Hotels Corporation ("Hilton") and 90210 Grand Wailea Management Co., LLC ("90210").[3] In a joint motion, 90210 moves to dismiss for lack of personal jurisdiction and improper venue, or, alternatively,

---

[2]Some of the defendants are partnerships or limited liability companies and have numerous other such entities as partners or members, or as partners or members of numerous layers of partnerships and limited liability companies. After multiple orders to do so, defendants filed sufficient statements establishing complete diversity of citizenship. See generally Smoot v. Mazda Motors of America, Inc., 469 F.3d 675, 676-78 (7th Cir. 2006).

[3]The complaint incorrectly names 90210 as KSL Grand Wailea Management Co., LLC.

for a transfer to Hawaii. Hilton admits it is subject to personal jurisdiction in Illinois and that Illinois is a proper venue as against it. As its primary request, it joins in the arguments to transfer the case to Hawaii pursuant to 28 U.S.C. § 1404(a).

Neither the Complaint nor defendants' motion specifies defendants' relations to the Resort. In response to defendants' motion, plaintiff represents that one of the dismissed defendants is the owner of the Resort. He further represents that 90210 is the entity that manages the Resort. He also contends that Hilton is the owner of 90210, which plaintiff contends is a "wholly owned corporate subsidiary" of Hilton. According to the citizenship allegations in the removal petition, 90210's sole member is another LLC and that LLC's sole member is the corporation Hilton Illinois Holdings, Inc. The relationship between Hilton and Hilton Illinois Holdings, Inc. is not stated in the removal petition. Plaintiff presents no evidence regarding the relationship between Hilton and Hilton Illinois Holdings, Inc. The only representation is the conclusory assertion that 90210 is a wholly owned subsidiary of Hilton.

Both 90210 and Hilton are based in California. 90210 does not state whether it manages any hotels besides the Resort in Hawaii, but it does represent that it does no business in Illinois. None of its members or submembers are citizens of

Illinois. Without specifying the nature of its business, Hilton admits that it does business in Illinois and therefore is subject to personal jurisdiction in Illinois.

In response to defendants' motion, plaintiff only addresses the question of whether it is appropriate to transfer the case to Hawaii. Plaintiff does not mention the issues of whether there is personal jurisdiction or proper venue for 90210. Plaintiff characterizes the remaining issue as the motion to transfer of Hilton and its subsidiary 90210. Perhaps plaintiff is assuming that having adequate personal jurisdiction over Hilton necessarily means there is adequate personal jurisdiction over any of its subsidiaries. Even ignoring that plaintiff has not shown that 90210 is actually a subsidiary of Hilton, it is not the rule that personal jurisdiction over a parent is attributed to a subsidiary. Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 781 n.13 (1984); KnowledgeAZ, Inc. v. Jim Walter Resources, Inc., 452 F. Supp. 2d 882, 894 (S.D. Ind. 2006). Since plaintiff provides no facts or argument supporting that there is proper personal jurisdiction or venue over 90210 in Illinois, the claims against 90210 cannot continue in the present forum.

Although personal jurisdiction is lacking as to 90210, that does not mean that the case may not continue as against Hilton in this forum. If Hilton is not otherwise entitled to a

transfer of the claims against it, the court would have to decide whether to nevertheless transfer the case to Hawaii so that plaintiff can pursue his claims against both defendants in one forum or continue the case against Hilton here while dismissing 90210 or transferring the claims against 90210 to Hawaii or another appropriate forum. See Wild v. Subscription Plus, Inc., 292 F.3d 526, 530-32 (7th Cir.), cert. denied. denied, 537 U.S. 1045 (2002); Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure: Jurisdiction 3d § 3827 at 607-09 (2007). Since plaintiff only addresses the issue of a convenient forum, it is assumed that plaintiff's preference is to litigate here against the one defendant. Therefore, it will be considered whether Hilton is entitled to a § 1404(a) transfer to Hawaii. If Hilton is entitled to a transfer, the claims against both defendants would be transferred to Hawaii. If Hilton is not entitled to a transfer, then the claims against 90210 would be dismissed without prejudice to plaintiff deciding to file a separate case against 90210 in Hawaii or another appropriate jurisdiction where there would be personal jurisdiction over 90210.

The possible transfer of this case to another district court is governed by 28 U.S.C. § 1404(a), not state law forum non conveniens principles. Hyatt International Corp. v. Coco, 302 F.3d 707, 717-18 (7th Cir. 2002); Tomkins v. Forte Capital

Partners, LLC, 2006 WL 907776 *4 (N.D. Ill. April 5, 2006); Allstate Insurance Co. v. Wal-Mart Stores, Inc., 2000 WL 960736 *2 (N.D. Ill. July 11, 2000). Although plaintiff's opposition to the transfer is based entirely on Illinois forum non conveniens law, the facts asserted will be considered in light of the appropriate principles applicable under § 1404(a).

"A plaintiff's choice of forum is entitled to substantial weight under § 1404(a), particularly where it is also the plaintiff's home forum. Indeed, a plaintiff's choice of forum should rarely be disturbed unless the balance weighs strongly in the defendant's favor." Clear Channel Outdoor, Inc. v. Rubloff Oakridge Algonquin L.L.C., 2003 WL 22382999 *3 (N.D. Ill. Oct. 16, 2003) (quoting Vandeveld v. Christoph, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995)). See also In re National Presto Industries, Inc., 347 F.3d 662, 664 (7th Cir. 2003). However, where the operative facts have little connection to the forum, the plaintiff's choice of forum is given less weight. See Heartland Packaging Corp. v. Sugar Foods Corp., 2007 WL 101815 *2 (S.D. Ind. Jan. 9, 2007); Barela v. Experian Information Solutions, Inc., 2005 WL 770629 *3 (N.D. Ill. April 4, 2005); Kelly v. McDonald, 2004 WL 526741 *2 (N.D. Ill. March 10, 2004); Heston v. Equifax Credit Information Services, 2003 WL 22243986 *1 (N.D. Ill. Sept. 26, 2003); Alberding Estate Administration Trust ex rel. Moore v. Vinoy Park Hotel Co., 2003 WL 22176072 *2

(N.D. Ill. Sept. 15, 2003); Confederation Des Brasseries De Belgique v. Coors Brewing Co., 2000 WL 88847 *3 (N.D. Ill. Jan. 20, 2000); Anchor Wall Systems, Inc. v. R & D Concrete Products, Inc., 55 F. Supp. 2d 871, 874 (N.D. Ill. 1999). "The movant bears the burden of proving, by reference to particular facts and circumstances, that the transferee forum is 'clearly more convenient.'" Clear Channel, 2003 WL 22382999 at *3 (quoting Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1293 (7th Cir. 1989)); Tong v. Direct Trading Corp., 2003 WL 22282466 *3 (N.D. Ill. Oct. 1, 2003). Both private and public interests must be considered. Private interests that are considered include: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) ease of access to sources of proof; (4) conveniences for the parties; and (5) conveniences for the witnesses and the availability of compulsory process. Cypress Medical Products, L.P. v. Worthington, 2005 WL 936903 *2 (N.D. Ill. April 18, 2005); Barela, 2005 WL 770629 at *3; Tatar v. Trans Union L.L.C., 2003 WL 22478941 *1 (N.D. Ill. Oct. 31, 2003); Clear Channel, 2003 WL 22382999 at *3; Heston, 2003 WL 22243986 at *1; United Air Lines, Inc. v. Mesa Airlines, Inc., 8 F. Supp. 2d 796, 798 (N.D. Ill. 1998). Public interests take into account the interests of justice and include: (1) the speed of the proceeding; (2) the court's familiarity with applicable law; and (3) the relation of the community to the occurrence and

the desirability of resolving the controversy in its locale. IFC Credit Corp. v. Eastcom, Inc., 2005 WL 43159 *2 (N.D. Ill. Jan.7, 2005); R.E. Davis Chemical Corp. v. International Crystal Laboratories, Inc., 2004 WL 2191328 *5 (N.D. Ill. Sept. 27, 2004) (quoting Amoco Oil Co. v. Mobil Oil Corp., 90 F. Supp. 2d 958, 961-62 (N.D. Ill. 2000)); Tatar, 2003 WL 22478941 at *1; Clear Channel, 2003 WL 22382999 at *3.

The physical assault underlying this case occurred in Hawaii. That, however, does not mean that this case is unrelated to Illinois. Plaintiff resides in Illinois, as do the three friends who were present at the assault and are likely to be witnesses.[4] The only other known witness to the assault, or at least the events immediately preceding the assault, is the Resort security guard who resides in Hawaii. After the assault, plaintiff received minimal treatment at a nearby emergency room, including some stitches. At the emergency room, he received only minimal treatment for his broken teeth. On the same day he was attacked, plaintiff took a flight back to Illinois. In Illinois, plaintiff was examined by his pediatrician and was treated by two dentists and two oral surgeons. Plaintiff had teeth pulled and will or has received titanium implants. Thus, the event that supports plaintiff's allegations of liability occurred in Hawaii,

---

[4]Plaintiff and two of the potential witnesses are now in college. It is unknown where they attend school.

but was witnessed by persons residing in Illinois. Most of the activity supporting damages for physical injury, however, occurred in Illinois.

Turning to the private interests, plaintiff chose his home forum. Hawaii is the site of the events underlying liability. While not necessarily as important, it is also significant that most of plaintiff's medical treatment occurred in Illinois. See North Shore Gas Co. v. Salomon, Inc., 896 F. Supp. 786, 791-92 (N.D. Ill. 1995), aff'd, 152 F.3d 642, 648 n.3 (7th Cir. 1998); Sistrunk v. Archer-Daniels-Midland Co., 1993 WL 98239 *2 (N.D. Ill. April 1, 1993); Thompson v. Pilot Freight Carriers, Inc., 212 F. Supp. 374, 375 (E.D. Pa. 1962). Thus, plaintiff did not choose a forum that is unrelated to the litigation. As to the parties' convenience, plaintiff resides in this district. Hilton manages a business in Hawaii, but its principal place of business is located in California. It may be, though, that employees of Hilton who are likely to be witnesses reside in Hawaii.[5]

Regarding witnesses and proof, there is no clear showing that more witnesses are located in Hawaii. In its initial brief, Hilton did not identify potential witnesses. In its reply, it

---

[5]On the current presentation, it is unclear whether the security personnel or other Resort employees who may be witnesses are employees of Hilton or some other entity that may or may not be related to Hilton.

lists two security employees as likely witnesses. It also lists two police officers who investigated the assault. It is not at all clear that the police officers' testimony would be relevant and, if so, it is likely to be limited testimony that could be the subject of a stipulation or the reading or playing of a deposition. Hilton also points to two doctors in Hawaii. However, since they provided only limited treatment, there testimony may also be limited. Hilton also identifies a third-party security company, but does not specify the nature of any testimony from the employees of that company. The only important Hawaii witnesses are the in-house security employees who apparently are under the control of Hilton and therefore can be brought to Illinois to testify regardless of compulsory process.

As to witnesses in Illinois, plaintiff identifies himself and the three friends who were eyewitnesses to the key events. Hilton contends that, compared to the Hawaii witnesses, plaintiff and his friends have an easier time traveling because a trial could be scheduled around their school vacations. That contention ignores that these witnesses are likely in different schools with different vacation schedules and that they are likely to have work or other activities scheduled for the summer. This contention also assumes that the Hawaii judge would be willing to schedule the trial around multiple school schedules. Hilton also contends the testimony of these witnesses would be

cumulative. They, however, are witnesses to the key event and may have differing versions of what happened given that a fight in an outdoor area at night can be confusing. It is doubtful that any of these witnesses would be excluded as cumulative. The friends would not be subject to compulsory process in Hawaii, but may be cooperative with plaintiff regardless of the availability of process. Plaintiff also identifies his parents and two siblings, all of whom are in Illinois, as witnesses to his condition following the attack. Like some of the witnesses identified by Hilton, the testimony of the family members is likely to be limited and may be cumulative. Plaintiff also identifies his five treating physicians in Illinois as witnesses. Even if two oral surgeons and two dentists are respectively cumulative of each other, that still leaves three witnesses: an oral surgeon, a dentist, and plaintiff's pediatrician. This court's experience has been that physicians are often reluctant to fit testimony into their busy schedules. If the physicians needed to testify in person, it may be difficult to fit travel to Hawaii into their schedules.

Hilton also contends that its documents related to the incident are in Hawaii. There are also some emergency room medical records in Hawaii. Plaintiff's medical records and prescription records are in Illinois. Either side's records can be readily copied and transported. The Resort itself is also

located in Hawaii. Hilton contends a trial in Hawaii allows for the possibility of having the jury taken to the site itself. In almost 25 years on the bench, this judge has not had a single case where the jury was taken outside the courtroom to view a site related to a lawsuit. Having the jury visit the Resort is an extremely remote possibility that need not be taken into consideration in determining the appropriate district for the trial.

Turning to the public interests, there is no indication of a substantial difference between backlogs in this court and Hawaii. The applicable law would be Hawaii law. That, however, provides only limited weight favoring a transfer. As regards the issues in this case, Hilton cites no case law indicating that Hawaii law is unique or significantly different from tort law followed in Illinois and other states. The fact that the attack occurred in Hawaii also provides some weight favoring a transfer to Hawaii.

There is no showing that a transfer to Hawaii would result in a greater convenience for witnesses and the parties. The facts that Hawaii law will apply and that the events supporting liability occurred in Hawaii are not enough to overcome plaintiff's choice of forum. The motion to transfer will be denied. As previously indicated, this case will only proceed as against defendant Hilton. If plaintiff would prefer a

transfer to Hawaii so that 90210 can also remain as a defendant, plaintiff should promptly file a motion requesting such relief.

IT IS THEREFORE ORDERED that defendants' motion to transfer and/or dismiss [12] is granted in part and denied in part. All defendants except Hilton Hotels Corporation are dismissed without prejudice. This case will not be transferred. All discovery, including expert discovery, shall be completed by September 4, 2007. A status hearing will be held on April 18, 2007 at 11:00 a.m.

ENTER:

William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: FEBRUARY 22, 2007